UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIK WARD,

                            Plaintiff,        CIVIL CASE NO. 06-10016

v.                                           CRIMINAL CASE NO. 92-80754

UNITED STATES OF AMERICA,        HONORABLE PAUL V. GADOLA
                                                    U.S. DISTRICT COURT
                            Defendant.
_____/

## ORDER TRANSFERRING MOTIONS TO THE SIXTH CIRCUIT

Before the Court are two motions by Plaintiff: a motion for relief of judgment, filed on November 10, 2005; and a motion filed pursuant to 28 U.S.C. § 2255, filed on January 3, 2006. Plaintiff first filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 on December 30, 1996. Since that time, Plaintiff has filed at least two other motions, a March 15, 2001 motion for relief of judgment and a January 30, 2002 motion for writ of mandamus, both of which were construed by this Court as "successive" motions under 28 U.S.C. § 2255. Both motions were transferred to the United States Court of Appeals for the Sixth Circuit, where they were denied.

Plaintiff's current January 3, 2006 motion to vacate sentence pursuant to 28 U.S.C. § 2255 is clearly a "second or successive motion" according to 28 U.S.C. § 2255. As such, it must be transferred to the Sixth Circuit for the necessary certification required by 28 U.S.C. § 2244. Section 2244(b)(3)(A) of Title 28 of the United States Code mandates: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

In this case, the Court has not received an order authorizing consideration of Plaintiff's current motion to vacate sentence from the appropriate court of appeals, the United States Court of Appeals for the Sixth Circuit. Therefore, the Court will transfer this motion to the Sixth Circuit for the necessary § 2244 certification. United States v. Thompson, 58 Fed. Appx. 599, 601 (6th Cir. 2002) (citing In re Sims, 111 F.3d 45, 47 (6th Cir. 1997)).

With regard to Plaintiff's November 10, 2005 motion for relief of judgment, although Plaintiff alleges differently, after review, the Court construes this motion also as a successive motion according to 28 U.S.C. § 2255. Consequently, it too must be transferred to the Sixth Circuit for certification under 28 U.S.C. § 2244.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's November 10, 2005 motion for relief from judgment [docket entry 529], construed by this Court as a successive motion pursuant to 28 U.S.C. § 2255, shall be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for the necessary certification under 28 U.S.C. § 2244.

**IT IS FURTHER ORDERED** that Plaintiff's 2255 motion [docket entry 530] shall be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for the necessary certification under 28 U.S.C. § 2244.

**SO ORDERED**.

Dated:   January 31, 2006                         s/Paul V. Gadola
                                                  HONORABLE PAUL V. GADOLA
                                                  UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   January 31, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                    Sheldon N. Light                                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                   Malik Ward                        .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845